IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| HYSTAD CEYNAR MINERALS, LLC, on behalf of itself and a class of similarly situated persons,<br><br>        Plaintiff,<br><br>v.<br><br>WHITING OIL and GAS CORPORATION<br><br>        Defendant. | )<br>)<br>)<br>)  **Civil Action No.:**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Hystad Ceynar Minerals, LLC ("Plaintiff" or "Hystad"), on behalf of itself and the Class defined below, for its Class Action Complaint and Demand for Jury Trial against Defendant Whiting Oil and Gas Corporation ("Defendant" or "Whiting") alleges:

**SUMMARY**

1. This class action concerns Defendant's past and continuing failure to pay mineral owners' statutory interest on late, or "untimely," payments derived from the sale of oil or gas produced from wells located in North Dakota pursuant to N.D.C.C. § 47-16-39.1.

2. Pursuant to the express provisions of N.D.C.C. § 47-16-39.1, if an oil and gas operator fails to make oil or gas payments to a mineral owner or a mineral owner's assignee "within one hundred fifty days after oil or gas produced under the lease is marketed and cancellation of the lease is not sought or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the

unleased mineral interest owner's mineral interest, the operator thereafter shall pay interest on the unpaid royalties, without the requirement that the mineral owner or the mineral owner's assignee request the payment of interest, at the rate of eighteen percent per annum until paid."

3. At various times since August 12, 2016, Defendant has made payments to Plaintiff and the other members of the Class more than one hundred fifty days after oil or gas, subject to the Class members' mineral interests, has been marketed by Defendant (the "untimely payments"), without paying the eighteen percent per annum interest on such untimely payments, as required under N.D.C.C. § 47-16-39.1.

4. Plaintiff brings this class action to recover damages on behalf of itself and a defined Class of all similarly situated owners who have received untimely payments from Defendant on North Dakota oil or gas produced and marketed, which have not included the statutory eighteen percent per annum interest required pursuant to N.D.C.C. § 47-16-39.1.

## PARTIES

5. Plaintiff Hystad is a limited liability company organized under the laws of the State of North Dakota, and its principal place of business is located at 3461 131st Ave. NW, Arnegard, North Dakota, 58835.

6. Defendant Whiting is a Delaware corporation, with its principal place of business located at 1700 Lincoln Street, Suite 2700, Denver, Colorado 80203.

7. Defendant owns and operates more than 1,000 oil and gas wells in the State of North Dakota.

## JURISDICTION AND VENUE

8. The preceding allegations are fully incorporated by reference.

9. This Court has subject matter jurisdiction over the class action under the Class Action Fairness Act, 28 U.S.C. 1332(d), because: (a) Plaintiff has brought this case as a class action; (b) the class proposed by Plaintiff exceeds 100 members; (c) the proposed class contains at least one member who is a citizen of a state different from the states where Defendant is deemed to be a citizen; and (d) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Defendant because a substantial portion of the Defendant's conduct giving rise to the claims alleged in this class action complaint occurred in the State of North Dakota.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial portion of the Defendant's acts and conduct giving rise to the claims alleged in this class action complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

12. The preceding allegations are fully incorporated by reference.

13. N.D.C.C. § 47-16-39.1 provides, in pertinent part:

> **If the operator** under an oil and gas lease **fails to pay oil or gas royalties** to the mineral owner or the mineral owner's assignee **within one hundred fifty days after oil or gas produced under the lease is marketed** . . . or if the operator fails to pay oil or gas royalties to an unleased mineral interest owner within one hundred fifty days after oil or gas production is marketed from the unleased mineral interest owner's mineral interest, **the operator thereafter shall pay interest on the unpaid royalties, without the requirement that the mineral owner** or the mineral owner's assignee request the payment of interest, **at the rate of eighteen percent per annum until paid** . . .

N.D.C.C. § 47-16-39.1 (emphases added).

14. Defendant has consistently violated its statutory obligations under the above-referenced statutory provision by making untimely payments to persons owning mineral interests in wells located in North Dakota – i.e., payments made more than one hundred fifty days after the date when the oil or gas was produced and marketed – without paying the statutorily required eighteen percent per annum interest on such untimely payments to mineral interest owners who have received untimely payments from Defendant on oil, gas, or related hydrocarbons produced and marketed by Defendant from wells located in the State of North Dakota.

15. At various times since August 12, 2016, Hystad has owned an interest in its share of the proceeds received by Defendant on its sale of the oil, gas, or related hydrocarbons produced and marketed by Defendant from certain North Dakota wells subject to Hystad's interests, and Hystad has received monthly payments from Defendant on Hystad's share of the oil, gas, or related hydrocarbons produced and marketed from such wells by Defendant.

16. Defendant has breached its statutory untimely interest payment obligations owed to Hystad. Defendant has made untimely payments to Hystad and failed to pay Hystad the statutorily required eighteen percent per annum interest on all such untimely payments.

17. For example, for oil or natural gas which Defendant produced and marketed from the Koala 13-31-25-1H Well (NDIC #29495), located in Township 152, Range 99, Section 31, McKenzie County, North Dakota, in October 2019, in which Hystad owns an interest, and from which production the Defendant has marketed oil or natural gas, Hystad received an untimely payment from Defendant on such sale proceeds. Hystad did not receive payment on its share of the sale proceeds of such production until October 29, 2021, two years after Defendant marketed such production. When Defendant made its untimely payment to Hystad for its share of the sale proceeds on such production in October 2021, Defendant did not pay Hystad the statutorily

4

required eighteen percent per annum interest outlined in N.D.C.C. § 47-16-39.1. Nor has Whiting made any such interest payment to Hystad at any time since October 2021. *See* Exhibit 1.

## CLASS ACTION ALLEGATIONS

18. The preceding allegations are fully incorporated by reference.

19. Hystad brings this class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class (the "Class") defined as:

> All non-excluded persons or entities owning mineral interests in North Dakota wells who: (1) received untimely payments from Defendant for proceeds associated with oil and gas production at any time since August 12, 2016; and (2) whose payments did not include the eighteen percent per annum interest as required by law.
>
> Excluded from the Class are: (1) Defendant, its affiliates, predecessors, employees, officers, and directors; and (2) persons who own mineral interests which are owned or managed by the Board of University and School Lands of the State of North Dakota.

20. Upon information and belief, there are more than 2,000 members of the defined Class, and joinder of such persons in this class action is therefore impracticable.

21. The questions of fact and law common to the claims of the class include:

   a. Whether Defendant made untimely payments to the Class members;

   b. Whether Defendant's failure to pay the statutorily required interest to the Class members on untimely payments constitutes a violation of N.D.C.C. § 47-16-39.1; and

   c. Whether the Class members are entitled to recover prejudgment interest on Defendant's unpaid eighteen percent per annum interest on untimely payments, at the applicable North Dakota prejudgment interest rate, pursuant to N.D.C.C. § 32-03-04, from the date of each untimely payment to any Class member which does not include the eighteen percent per annum interest until the date when Defendant makes the required eighteen percent per annum interest payment to Class member.

22. Hystad's claims are typical of the Class members' claims because each Class member's claim against Defendant is identical.

23. Hystad will fairly and adequately protect the interests of the Class. Hystad is represented by attorneys who are skilled and experienced in royalty underpayment class action litigation, and Hystad has no conflicts of interest with any other Class member.

24. The common factual issues and common questions of law in this class action predominate over any factual issues or questions of law which affect only individual Class members.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### FIRST CLAIM FOR RELIEF
**(Defendant's Violation of N.D.C.C. § 47-16-39.1)**

26. The preceding allegations are fully incorporated by reference.

27. Hystad and the other Class members are legally entitled to their respective payments from the Defendant for oil, gas, and related hydrocarbons produced in North Dakota.

28. Since August 12, 2016, the Defendant has made untimely payments to Hystad and the other members of the Class by making payments to the Class members which were later than one hundred fifty days after the marketing of oil, gas, or related hydrocarbons from a North Dakota well in which a Class member owns a mineral interest, without making the eighteen percent per annum interest payment on such untimely payments as required under N.D.C.C. § 47-16-39.1.

29. As a direct result of the Defendant's failure to pay Hystad and the Class members the eighteen percent per annum interest on the above-referenced untimely payments, Hystad and the Class members have sustained substantial damages.

30. Based upon the Defendant's failure to pay Hystad and the Class members the eighteen percent per annum interest on untimely payments, as required under N.D.C.C. § 47-16-

39.1, Hystad and the Class are entitled to an award of attorney's fees from the Defendant, pursuant to N.D.C.C. § 47-16-39.1.

## SECOND CLAIM FOR RELIEF
### (Declaratory Judgment)

31. The preceding allegations are fully incorporated by reference.

32. A controversy exists between Hystad and the other members of the Class and the Defendant regarding the Defendant's obligation to pay the statutory interest on untimely payments pursuant to N.D.C.C. § 47-16-39.1 and on future untimely payments made by the Defendant after the date of final judgment in this case ("future untimely payments").

33. Hystad requests that the Court enter a declaratory judgment determining that on all untimely payments described herein, and all future untimely payments to Hystad and the Class members, the Defendant is required pay Hystad and the other Class members the statutorily required eighteen percent per annum interest payment.

## PRAYER FOR RELIEF

Wherefore, Hystad prays for the following relief:

1. An Order determining that the claims asserted by Hystad on behalf of the defined Class should be certified as a class action pursuant to Fed. R. Civ. P. 23(b)(3), that Hystad be appointed as the Class Representative, and that Hystad's attorneys be appointed as Class Counsel for the defined Class;

2. A judgment in favor of the defined Class against the Defendant for the full amount of unpaid eighteen percent per annum interest on untimely payments made by the Defendant to the Class members since August 12, 2016, plus applicable North Dakota prejudgment interest on the unpaid eighteen percent per annum interest, from the date of each untimely payment to the date the eighteen percent per annum interest is paid, pursuant to N.D.C.C. § 32-03-04;

3. An award of attorney's fees to the attorneys for Hystad and the other members of the defined Class, pursuant to N.D.C.C. § 47-16-39.1;

4. A declaratory judgment determining that the Defendant is required to pay eighteen percent per annum statutory interest on all future untimely payments to Hystad and the other members of the defined Class; and

5. An award of costs and such further relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Hystad and the proposed Class members demand a jury trial on all issues so triable.

Dated this 23rd day of August, 2022.

        BARTON AND BURROWS LLC

        By: */s/ George A. Barton*
        George A. Barton. Mo. Bar No. 26249
        Seth K. Jones, KS Bar No. 27262
        Stacy A. Burrows, CO Bar No. 49199
        BARTON AND BURROWS, LLC
        5201 Johnson Drive, Ste. 110
        Mission, KS 66205
        (913) 563-6250
        George@bartonburrows.com
        Seth@bartonburrows.com
        Stacy@bartonburrows.com

        and

        VOGEL LAW FIRM

        By: */s/ Joshua A. Swanson*
        Joshua A. Swanson, ND Bar No. 06788
        Robert B. Stock, ND Bar No. 05919
        218 NP Avenue
        Fargo, ND 58102
        (701) 237-6983
        jswanson@vogellaw.com
        rstock@vogellaw.com

*Attorneys for Plaintiff Hystad Ceynar Minerals, LLC, and the proposed Class*