UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| HYSTAD CEYNAR MINERALS, LLC, on behalf of itself and a class of similarly situated persons, | ) ) ) | Civil No:  1:22:cv-00138-DLH-CRH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WHITING OIL and GAS CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## PROTECTIVE ORDER

Before the Court is the parties' Stipulated Proposed Protective Order. The parties agree during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because they believe the documents contain information that relates to commercial financial information that would provide competitors with a financial or competitive advantage; contain commercial trade secrets, if publicly released would impair security and safety of the producing party; or would violate a legally protected privacy interest.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

1.      **Scope.** All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter, collectively, "documents"), are subject to this Order concerning Confidential Information as set forth below.

2.      **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties. Information or documents that are available to the public, including but not limited to recorded oil and gas leases, may not be designated as Confidential Information.

3.      **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter, "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices,

electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as Confidential, the designating attorney or party appearing pro se thereby **certifies** that the document contains Confidential Information as defined in this Order.

4.      **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 30 days after discovery of the inadvertent failure.

5.      **Depositions.** Deposition testimony will be deemed Confidential only if designated as such on the record when the when the deposition is taken or within 30 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.  Exhibits that a producing party designated as Confidential in discovery will retain that designation.

6.      **Protection of Confidential Material.**

      **(a)**      **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related legal proceeding brought by one of the parties to this litigation.  For the purpose of this subsection, "party" shall mean any named plaintiffs and defendants and does not include any putative or unnamed class members.

      **(b)**      **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or the prior order of the

Court, designated Confidential Information may only be disclosed to the following persons:

1)      The parties to this litigation, including any employees, agents, and representatives of the parties;

2)      Counsel for the parties and employees and agents of counsel;

3)      The Court, court staff, including any special master appointed by the Court, witnesses, and the jury in any trial or hearing in case;

4)      Court reporters or other official personnel reasonably required for the preparation of transcripts of testimony;

5)      Any mediator appointed by the Court or jointly selected by the parties;

6)      Any expert witness, outside consultant, or investigator retained in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

7)      Fact witnesses in this case, provided that the particular witness has a need for such disclosure in order to respond to questions in a deposition or at trial in this case, and only after such persons have completed the certification contained in Attachment A. However, nothing in this Order shall require a fact witness to execute a certification with respect to documents/materials generated by that individual or where the individual had contemporaneous personal involvement in the completion of such material;

-4-

8)      Any author or recipient of the document (not including a person who received the document in the course of the litigation);

9)      Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

10)     Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Control of Documents.** The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents, along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

7.      **Highly Confidential Information.** If specific confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information, and the disclosure of those particular documents to another party or non-party would create a heightened risk of harm to the competitive, commercial, financial, or business position of the producing party, the parties may stipulate or move for the production of such specific documents under a Highly Confidential - Attorneys' Eyes Only designation (or other appropriate confidentiality protections) that limits disclosure of such documents or information only to counsel for the parties; the Court and its staff; experts, consultants, and vendors retained for this

litigation; and other specifically designated individuals whose assistance is reasonably necessary to the conduct of the litigation who agree to be bound by the terms of the Order.

8.      **Filing of Confidential Information.** If a party seeks to file any document containing  Confidential Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as Confidential ; or (b) seeking permission to file the document under seal by filing a motion for leave to file under seal. Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The mere designation of information as confidential pursuant to this Order is insufficient to satisfy the Court's requirements for filing under seal in light of the public's qualified right of access to court dockets. *See IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties with CM/ECF filing privileges will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

9.      **Discovery Disputes; Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. When a party elects to challenge a confidentiality designation, the challenging party will notify the designating party of such challenge. The designating party will, within 7 days of such notification meet and confer in good faith with the objecting party to resolve the objection informally without judicial intervention. In the event the parties are unable to resolve the challenge informally, pursuant to L.R. 37.1(B) the parties will schedule a telephone conference

with the undersigned magistrate judge. If such good faith efforts are still unsuccessful in resolving the dispute, the designating party will within 10 days of the telephone conference file a motion that identifies the challenged material and sets forth in detail the basis for the designation. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

10.　　**Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11.　　**Obligations on Conclusion of Litigation.**

(a)　　**Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)　　**Return of Confidential Documents.** After the final termination of this proceeding, including any appeals, a party may request the destruction or return of all Confidential Information and all excerpts and extracts, therefrom. After receiving such a request, the possessing party shall have 30 days in which to either return all such information (including copies and electronic files) to the party that produced it or certify under oath that

such materials have been destroyed. Regardless of whether the producing party sends such notice, all Confidential Information shall remain subject to the terms and protections of this Protective Order. Subject to the above-referenced section, it is understood that counsel may retain their work product, a copy of all court filings and official transcripts, exhibits, and a complete set of their file provided that the party that retains the materials designated as "Confidential" continues to treat them in the manner provided herein.

12.     **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

13.     **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the Court may rule on a specific document or issue. Further, the parties, by entering into this Agreement, do not waive, and specifically reserve, any and all objections to either the discovery of, or introduction at trial of, that material and evidence which is the subject of this Order.  Nothing in this Order may be construed to be a waiver of any right or privilege of any person or entity, including but not limited to the work-product doctrine and the attorney-client privilege.

**14.**     **Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms

**15.**     **Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file their written agreement to be bound by the provisions of this Order.

**16.**     **Protections Extended to Third-Party's Information**. The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**17.**     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that could compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, promptly and in no event more than seven business days after determining the subpoena or order could require the disclosure of such information. Such notification must include a copy of the subpoena or court order.

The receiving party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order and deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating

party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information designated by the other party to this case.

**18.     Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Any party receiving any such information or document must immediately return or destroy all copies of the produced protected information upon independent discovery of the inadvertent production or upon request of the producing party. The party returning produced protected information may thereafter seek re-production of any such documents pursuant to applicable law. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

19.     **Disputes.** Should there be any dispute concerning the terms or application of this Order, counsel for the parties shall attempt to resolve such dispute between themselves before seeking Court intervention.

Dated: February 5, 2024

BARTON AND BURROWS, LLC

*/s//Seth K. Jones*
George A. Barton (Mo. Bar No. 26249)
Seth K. Johnes (KS Bar No. 26262)
Stacy A. Burrows (CO Bar No. 49199)
BARTON AND BURROWS, LLC
5201 Johnson Drive, Suite 110
Mission, Kansas  66205
Phone: (913) 563-6250
george@bartonburrows.com
seth@bartonburrows.com
stacy@bartonburrows.com

VOGEL LAW FIRM

Joshua A. Swanson (Bar ID #06788)
218 NP Avenue
P.O. Box 1389
Fargo, North Dakota 58107-1389
Phone: (701) 237-6983
jswanson@vogellaw.com


*Attorneys for Plaintiff*

Dated: February 5, 2024

CROWLEY FLECK PLLP

*/s/Paul Forster*
Paul J. Forster (Bar ID #07398)
Zachary R. Eiken (Bar  ID #07832)
100 West Broadway Ave., Suite 250
P.O. Box 2798
Bismarck, North Dakota 58502-2798
Phone: (701) 223-6585
pforster@crowleyfleck.com
zeiken@crowleyfleck.com

Anna Rotman, P.C.
Kenneth A. Young
KIRKLAND & ELLIS LLP
609 Main Street
Houston, TX 77002
Telephone: (713) 836-3600
Facsimile: (713) 836-3601
anna.rotman@kirkland.com
kenneth.young@kirkland.com

Ragan Naresh, P.C.
Charles S. Nary
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue N.W.
Washington, DC 20004
(202) 389-5000
(202) 389-5200 (fax)
ragan.naresh@kirkland.com
charles.nary@kirkland.com


*Attorneys for Defendant*

-12-

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2024.

*/s/ Clare R. Hochhalter*
_____
Clare R. Hochhalter, Magistrate Judge
United States District court

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the lead case captioned, *Hystad Ceynar Minerals, LLC v. Whiting Oil and Gas Corporation*, Case No. 1:22-cv-00138, United States District Court for the District of North Dakota, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of North Dakota in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____   _____
Signature